UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEONARD BRYANT,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CRIMINAL ACTION NO. 97-81373

DISTRICT JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied, as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

\*   \*   \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on December 22, 2006, alleging a violation of his federal constitutional right to due process incident to his guilty plea before United States District Court Judge Lawrence Zatkoff. As a result of a Rule 11 plea bargain agreement which fully set forth the promises made by both parties, the Petitioner pled guilty on June 1, 1999, before Judge Zatkoff, to one count of conspiring to distribute controlled substances. The court sentenced Petitioner on February 15, 2000, to the custody of the Attorney General for a term of 235 months of imprisonment and 5 years' supervised release. Petitioner did not file a direct appeal of his conviction to the Sixth Circuit Court of Appeals.

The sentence imposed by the Court in February 2000, was in error, and was based upon a miscalculation of the Sentencing Guidelines. Specifically, the Presentence Investigation Report assessed Petitioner two criminal history points based on a reported ninety day sentence in 1994. The error was brought to the Court's attention in a Motion to Correct Sentence brought by Petitioner's retained counsel in January 2003. Consequently, the Court entered an Amended Judgment on August 31, 2004, reducing Petitioner's sentence from 235 to 210 months imprisonment (See Opinion and Order and Amended Judgment at Docket #536 & #537).

In the instant Motion to Vacate, Petitioner contends that his guilty plea was unlawfully induced and not made voluntarily, and that he had been denied the effective assistance of trial counsel. The Respondent filed an answer to the Motion to Vacate on January 4, 2008, contending, inter alia, that the motion was barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In a reply dated February 14, 2008, Petitioner claimed that the one-year statute of limitations should not be applied. Petitioner contends that he is entitled to equitable tolling because he had not been notified that a post-conviction challenge to his sentence, brought as a Rule 60(b) Motion to Vacate the Amended Judgment on March 24, 2005, had been denied on July 20, 2005. Petitioner stated that, upon learning of the dismissal of that motion in August 2006, he expeditiously filed the instant § 2255 motion.

Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996. Among other things, the Act

amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder. Section 2255 now reads in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;[*]
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255.

Generally, a judgment of conviction becomes final upon conclusion of direct review. See Sanchez-Castellano v. United States, 358 F.3rd 424, 426 (6th Cir. 2004). Petitioner's conviction ultimately became final at the time his sentence was reduced to 210 months, upon the entry of the Amended Judgment in August 2004. Since Petitioner did not file a

---

[*]The United States Supreme Court has defined a federal conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n. 8(1982)).

3

direct appeal to the Sixth Circuit, his conviction and sentence became final when the time for filing a notice of appeal expired -- 10 days from the entry of judgment, under Rule 4 of the Federal Rules of Appellate Procedure. As a result, Petitioner's Amended Judgment of conviction became final on September 10, 2004, and his one-year period for filing the instant § 2255 motion expired on September 10, 2005. By waiting until December 26, 2006, nearly sixteen months beyond the expiration of the one year time limit, Petitioner has failed to file the instant § 2255 motion in a timely manner.

Assuming, *arguendo*, that equitable tolling should apply to the one year limitation period during the pendency of Petitioner's Rule 60(b) Motion to Vacate the Amended Judgment, then he would have been required to file his § 2255 motion no later than July 30, 2006, one year and ten days after the collateral motion seeking relief from judgment was denied. Petitioner has presented no evidence, other than his unsupported assertion, that he did not receive notice from this Court until August 2006, that his post amended sentence challenge had been denied.

Accordingly, the undersigned recommends that the instant Motion to Vacate, Set Aside, or Correct Sentence be DENIED as untimely. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's' acceptance thereof is waived.

                                                s/Donald A. Scheer'
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: February 28, 2008

**CERTIFICATE OF SERVICE**

       I hereby certify on February 28, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2008. **John Leonard Bryant.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217