UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEONARD BRYANT,

        Petitioner,                  CRIMINAL ACTION NO. 97-81373

vs.                                     DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                       MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

        Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Audita Querela should be treated as a Motion to Vacate, Set Aside, or Correct Sentence, and should be dismissed as a successive petition under Rule 9(b) of the Rules Governing Section 2255 cases in the United States District Courts.

\*   \*   \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on December 22, 2006, alleging a violation of his federal constitutional right to due process incident to his guilty plea before United States District Court Judge Lawrence Zatkoff. As a result of a Rule 11 plea bargain agreement which fully set forth the promises made by both parties, the Petitioner pled guilty on June 1, 1999, before Judge Zatkoff, to one count of conspiring to distribute controlled substances. The court sentenced Petitioner on February 15, 2000, to the custody of the Attorney General for a term of 235 months of

imprisonment and 5 years' supervised release. Petitioner did not file a direct appeal of his conviction to the Sixth Circuit Court of Appeals.

The sentence imposed by the Court in February 2000, was based upon a miscalculation of the Sentencing Guidelines. Specifically, the Presentence Investigation Report assessed Petitioner two criminal history points based on a reported ninety day sentence in 1994. The error was brought to the Court's attention in a Motion to Correct Sentence brought by Petitioner's retained counsel in January 2003. Consequently, the Court entered an Amended Judgment on August 31, 2004, reducing Petitioner's sentence from 235 to 210 months imprisonment (See Opinion and Order and Amended Judgment at Docket #536 & #537).

In his December 2006 Motion to Vacate, Petitioner asserted that his guilty plea was unlawfully induced and not made voluntarily, and that he had been denied the effective assistance of trial counsel. The Respondent filed an answer to the Motion to Vacate on January 4, 2008, contending, inter alia, that the motion was barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In a Report and Recommendation dated February 8, 2008, I recommended that the Motion to Vacate, Set Aside, or Correct Sentence be denied, as Petitioner had failed to file his claim within the applicable one-year period of limitations contained in the AEDPA (Docket #563). On March 28, 2008, the Court accepted the Report and Recommendation, and entered an Order and Judgment dismissing the § 2255 motion with prejudice (Docket #569 & #570).

Rather than filing an appeal with the Sixth Circuit Court of Appeals, Petitioner filed the instant petition seeking a Writ of Audita Querela[*], essentially seeking to relitigate sentencing issues that are normally contained in a Motion to Vacate, Set Aside, or Correct Sentence.  Since the Petitioner is once again raising claims relating to his sentence before this Court in August 2004, the instant Writ of Audita Querela should be treated as a successive § 2255 Motion to Correct Sentence.

Petitioner now argues that he should be re-sentenced in accordance with the recently announced Supreme Court decision in United States v.Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Petitioner maintains that his sentence was imposed in violation of Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 2531 (2004), because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

---

[*]The ancient Writ of Audita Querela (quarrel having been heard), was introduced during the time of Edward III, and was available to re-open a judgment in certain circumstances. It was issued as a remedy to defendant where an important matter concerning his case had arisen since the judgment. Its issue was based on equitable, rather than common law principles." Black's Law Dictionary, (quoting from L.B. Curzon, English Legal History 103 (2d ed. 1979)). "Audita querela is distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas audita querela may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable." Black's Law Dictionary,(quoting from 7A C.J.S. Audita Querela § 2 at 901 (1980)).

**3**

I am persuaded that this second Motion to Vacate, Set Aside, or Correct Sentence should be dismissed pursuant to Rule 9(b) of the Rules Governing Section 2255 cases in the United States District Courts.  Rule 9(b) provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

In dealing with the problem of successive applications, the Supreme Court, in Sanders v. United States, 373 U.S. 1 (1963), stated:

> Controlling weight may be given to denial of a prior application for federal habeas corpus . . . relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

Id. at 15. (Footnote Omitted).

Petitioner's first Motion to Vacate, Set Aside, or Correct Sentence was rejected because it was not filed within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996.  Petitioner is clearly attempting to relitigate sentencing claims that were rejected earlier because they had not been timely filed.

Since the time of the adverse decision by Judge Zatkoff, there have been no retroactive changes in the law, nor has Petitioner submitted newly discovered facts or evidence not available earlier, which would warrant a reconsideration of the claim in the interest of the ends of justice.  While a dismissal pursuant to Rule 9(b) lies within the district court's discretion, Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481

U.S. 1055 (1987), there appears to be no sound reason for this Court to reconsider the new claim.  Petitioner is simply attempting to resubmit the same issues in the hope of getting a more favorable ruling.

Alternatively, the ends of justice would not be served by reaching the merits of this second application. Since Petitioner's plea agreement-based conviction became final before Booker, he is not entitled to any relief. The Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review. United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final on September 10, 2004, well before the Booker decision was announced, the instant petition was not timely and he is not entitled to sentence relief.

For all the foregoing reasons, this successive  Motion to Vacate, Set Aside, or Correct Sentence should be dismissed for abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2255 Cases.  The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: January 21, 2009

## CERTIFICATE OF SERVICE

I hereby certify on January 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 21, 2009: **John Leonard Bryant.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
