UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEONARD BRYANT,

    Petitioner,

vs.                                               CASE NO. 97-81373
                                              HON. LAWRENCE P. ZATKOFF
                                              MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND TRANSFERRING
PETITION TO THE SIXTH CIRCUIT COURT OF APPEALS**

This matter comes before the Court on Magistrate Judge Scheer's report and recommendation [dkt 574] of January 21, 2009, in which the Magistrate Judge recommends dismissing Petitioner's petition for Writ of Audita Querela [dkt 572]. Petitioner has filed an objection to the report and recommendation. The Court has thoroughly reviewed the court file, the report and recommendation, and Petitioner's objection. As a result of that review, the Court agrees with the report and recommendation to the extent that it characterizes Petitioner's petition as a second or successive habeas corpus petition and, with respect to that point, enters it as the findings and conclusions of this Court. Rather than dismissing the petition as recommended by the Magistrate Judge, however, the Court TRANSFERS the petition to the Sixth Circuit Court of Appeals.

Petitioner contends that the Court had a duty to notify him before recharacterizing his petition for Writ of Audita Querela as a successive petition to vacate, set aside, or correct sentence. In so arguing, Petitioner relies on the rule stated in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002). In

that case, the court held that district courts must provide petitioners notice when construing a motion for post-conviction relief as a motion under § 2255:

> District courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.* at 622 (quoting *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)). The *Shelton* court was concerned with situations in which a district court's recharacterization of a movant's petition as a motion arising under § 2255 would ultimately deprive the petitioner of his future rights:

> If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a "second" § 2255. Thus, a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated. The court's act of conversion which we approved under pre-AEDPA [Antiterrorism and Effective Death Penalty Act] law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights. A prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255.

*Id.* at 621–22 (quoting *Adams*, 155 F.3d at 583–84). In this case, Petitioner has already filed a § 2255 motion, which this Court denied on March 28, 2008. Therefore, the concerns articulated in *Shelton* do not apply to Petitioner and the Court was not required to provide Petitioner with notice.

The Magistrate Judge recommends dismissing Petitioner's petition. In the Sixth Circuit Court of Appeals, however, "when a second or successive petition for habeas corpus relief or § 2255

motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also Abdur'Rahman v. Bell*, 537 U.S. 88, 92 n.7 (2002).

Therefore, IT IS HEREBY ORDERED that Petitioner's petition for Writ of Audita Querela is TRANSFERRED to the Sixth Circuit Court of Appeals as a second or successive habeas corpus petition.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290